### ZACK DESKINS v. COMMONWEALTH.

**Criminal Law—Self-Defense.**

> What a man in peril of his life or great personal injury may lawfully do in his own self-defense, another person may lawfully do for him.

**Instruction.**

> It is error in a murder trial for the court to charge the jury that if one did the killing without malice aforethought and in his own defense, and yet if the jury believe from the evidence that the accused, who was present but did not do the killing, but who with malice aforethought feloniously and wilfully and not in his own self-defense, knowing the intention of the one doing the killing, aided, counseled or advised the killing, it should find him guilty of wilful murder and fix his punishment at death or life imprisonment.

### APPEAL FROM PIKE CRIMINAL COURT.

#### October 14, 1879.

OPINION BY JUDGE HINES:

Among the many errors complained of in this case is the granting of the following instruction: "Although the jury may believe and find from the evidence that Mont Deskins did the killing without malice aforethought, and further find that he did so in his own necessary self-defense, yet if the jury should find from the evidence that the accused, of his malice aforethought, feloniously and wilfully and not in his necessary or apparently necessary self-defense, and knowing the intent, at the time, of Mont Deskins to kill Goff, did aid, counsel or advise the killing, and was there for that purpose, they will find him guilty of wilful murder and fix his punishment at death, or the jury may fix his punishment at confinement in the penitentiary at hard labor for and during his natural life."

Under this instruction appellant was convicted and sentenced to the penitentiary for twenty-one years. The effect of the instruction is to tell the jury that although Mont Deskins was justified, on the ground of self-defense, in killing Goff, yet if appellant was present, aiding and abetting Mont Deskins in the preservation of his life at the hands of Goff, he, appellant, is guilty of murder. This is clearly erroneous. The rule is, that which a man in peril of his life or great personal injury may lawfully do in his own self-defense, another person may lawfully do for him; and this rule is not confined to persons occupying the relation of parent and child, master

and servant. *Roberts v. Commonwealth,* Mss. Op. 1876. *Wharton on Criminal Law,* sec. 1019.

Judgment *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*R. T. Burns, Geo. N. Brown, for appellant.    Hardin, for appellee.*